UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE A IKYITANOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No.  24-01699 (UNA) |
| | ) ) |
| JACQUELINE NWAFUR, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether

the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

In the single paragraph comprising the disjointed Complaint, Plaintiff, a District of Columbia resident, mentions "conspiracy on attempted kidnapping," "a snowstorm," and "defamation" but does not allege facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up).  More, Plaintiff writes this is a "diversity of citizenship matter," Compl. at 1, but she has not established "the citizenship necessary for diversity jurisdiction," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983), by "pleading the citizenship of each and every party to the action," *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006).  Plaintiff's allegation "of residence alone" does not suffice.  *Id.* (quoting *Naartex*); *see* Compl. at 2 ("Certificate of Service" listing a Rockville, Maryland, address for the four presumed defendants).[1]  Consequently, this case will be dismissed by separate order.

Date: July 16, 2024

TREVOR N. McFADDEN
United States District Judge

---

[1] The civil docket names just one defendant apparently because Plaintiff has not "provide[d] in the [complaint's] caption the name and full residence address or official address of *each* defendant."  LCvR 5.1(c)(1) (emphasis added).